**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ORLANDO JOHNSON, | : | |
| Petitioner, | : | Case No. 3:10CV0005 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JESSE WILLIAMS, WARDEN,<br>Allen Correctional  Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.      INTRODUCTION

Petitioner, Orlando Johnson, brings this habeas corpus action challenging his conviction of Aggravated Robbery in the Shelby County Common Pleas Court. This matter is before the Court upon the Petition (Doc. # 2), Respondent's Return of Writ (Doc. # 5), Petitioner's Traverse (Doc. # 6), and the record as a whole.

### II.      FACTUAL BACKGROUND

The Shelby County Court of Appeals, Third Appellate District of Ohio, set forth the facts of this case on Johnson's direct appeal:

> On May 11, 2006, the Gas America Station in Sidney, Ohio was robbed. Two people entered the convenience store, held a knife to the clerk, and ordered her to empty the registers. Jan. 17, 2008, Tr. 74. After the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

robbers left, the clerk pushed the emergency button, locked the doors, and called 9-1-1. Id. at 75. Eventually, the police learned that Johnson may have been involved in the robbery. On October 5, 2007, the grand jury issued an indictment charging Johnson with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first degree felony.

(Doc. # 5, Exhibit 11, Opinion, pg. 2).

## III.  STATE CONVICTION

On October 5, 2007, the Shelby County Grand Jury issued an indictment charging Johnson with one count of aggravated robbery. (Doc. #5, Exhibit 2, Case No. 07CR-234) The matter proceeded to a trial by jury where, on January 17, 2008, the jury found Johnson guilty as charged. (Doc. #5, Exhibits 4 and 5). On February 22, 2008, the trial court sentenced Johnson to eight years incarceration. This sentence was ordered to be served consecutive to a four-year sentence Johnson was serving for aggravated robbery out of Miami County, Ohio. Johnson's total sentence is twelve years. (Doc. #5, Exhibit 6).

## IV.  DIRECT APPEAL

On March 13, 2008, Johnson timely appealed to the Third District Court of Appeals. (Doc. #5, Exhibit 7, Case No. 17-08-06). Johnson, through new counsel, set forth the following assignment of error in his brief:

> The trial court violated Mr. Johnson's rights to due process and a fair trial when it entered a judgment of conviction for aggravated robbery, which was against the manifest weight of the evidence, Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. (February 22, 2008, Judgment Entry; T. pp. 85-117).

(Doc. #5, Exhibit 8). On September 22, 2008, the Court of Appeals overruled Johnson's assignment of error and affirmed the judgment of the trial court. (Doc. #5, Exhibit 11)

2

On October 29, 2008, Johnson, *pro se*, filed a timely notice of appeal to the Ohio Supreme

Court. (Doc. #5, Exhibit 12, Case No. 2008-2111). Johnson set forth the following

proposition of law in his memorandum in support of jurisdiction:

> The trial court violated Mr. Johnson's rights to due process and a fair
> trial when it entered a judgment of conviction for aggravated robbery, which
> was against the manifest weight of the evidence, Fifth and Fourteenth
> Amendments to the United States Constitution and Section 16, Article I of
> the Ohio Constitution.

(Doc. #5, Exhibit 13). On February 18, 2009, the Court declined jurisdiction and dismissed

the appeal as not involving any substantial constitutional question.

(Doc. #5, Exhibit 14).


## V.    FEDERAL HABEAS CORPUS

Johnson filed the instant petition for a writ of habeas corpus setting forth the

following ground for relief:

> **Ground One:** Petitioner was deprived of due process of law in
> violation of the Fifth and Fourteenth Amendments to the United
> States Constitution where his conviction was against the manifest
> weight of the evidence.


## VI.    ANALYSIS

Respondent contends that Petitioner's sole ground for relief is not cognizable in a

federal habeas review because the Due Process Clause of the Fourteenth Amendment to

the United States Constitution does not provide relief for state defendants whose

convictions are against the manifest weight of the evidence.

Although Petitioner frames this claim as a "violation of the Fifth and Fourteenth Amendments to the United States Constitution" (Doc. # 2 at 6), his only supporting contention is that the verdict was against the manifest weight of the evidence. *See id*. There is, however, a distinction between a claim asserting that a criminal conviction is against the manifest weight of the evidence and a claim under the Due Process Clause of the Fourteenth Amendment.  Under Ohio law, a broader test applies to manifest-evidence claims than the test applicable under federal law to the sufficiency of the evidence. *See State v. Thompkins*, 78 Ohio St.3d 380, 387-88 (1997), *superceded in part by state constitutional amendment*, *State v. Smith*, 80 Ohio St.3d 89 (1997); *see also State v. Martin*, 20 Ohio App.3d 172 (1983); *State v. Thompson*, 127 Ohio App.3d 511 (1998); *cf. Tibbs v. Florida*, 457 U.S. 31, 42-43 (1982).[2] *See Tibbs v. Florida*, 457 U.S. 31, 41-47, 102 S.Ct. 221, 72 L.Ed.2d 652 (1982); *see also Terry v. Warden, Lebanon Correctional Inst.*, 2010 WL 4878934 at *6 (S.D. Ohio) (citing in part *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541, 546-48 (1997)).

The distinction was thoroughly discussed in *Echols v. Houck*, 2005 WL 1745475 at *3 (S.D. Ohio, July 25, 2005) as follows:

> In essence, sufficiency, which implicates due process concerns, tests the adequacy of the evidence in proving the essential elements of the offense charged and presents a question of law, which may not be resolved by the reviewing court through weighing the evidence.  In contrast, in

---

[2]  For an example of the many recent unpublished Ohio cases recognizing this distinction see *State v. Braxton*, 2006 WL 1644268 at *2-*3 (Ohio Ct. App., June 15, 2006).

4

determining whether reversal is warranted based on the weight of the evidence, the appellate court sits as a 'thirteenth juror' to assess the jury's resolution of conflicting testimony upon review of the entire record, which includes weighing the evidence and all reasonable inferences and considering the credibility of witnesses. *Thompkins*, 678 N.E.2d at 546-47; *see also Tibbs*, 457 U.S. at 41-42; *Martin*, 485 N.E.2d 720-21.

As the Supreme Court explained in *Tibbs*, 457 U.S. at 43, unlike a reversal on the ground of insufficient evidence, a reversal based on the weight of the evidence 'does not mean that acquittal was the only proper verdict.' Rather, a reversal based on the weight of the evidence 'can occur only after the State both has presented sufficient evidence to support a conviction and has persuaded the jury to convict. The reversal simply affords the defendant a second opportunity to seek a favorable judgment. *Id.* at 42-43.

A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, law, or treaties of the United States, 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus 'on the basis of a perceived error of state law.' *Pulley v. Harris*, 465 U.S. 37, 41 ... (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.), *cert. denied*, 488 U.S. 866 ... (1988).

This discussion led the District Court in *Echols* to dismiss the petitioner's claim that his conviction was against the manifest weight of the evidence as not implicating a federal constitutional concern but instead as only raising an issue of state law that was not cognizable upon federal habeas review. *Id.*

The same reasoning and result apply to Johnson's claim that his conviction was against the manifest weight of the evidence. *See id.* (and cases cited therein). Although Petitioner mentions the Fifth and Fourteenth Amendments to the United States

5

Constitution, he bases this claim only on the assertion that his conviction was against the manifest weight of the evidence. His sole Ground for Relief thus presents only a non-cognizable claim.[3] *See* 28 U.S.C. §2254(d) (habeas relief available only if conviction was "contrary to, or involved an unreasonable application of, clearly established <u>Federal law</u>...." (emphasis added)); *see also Pulley*, 465 U.S. at 41.

Accordingly, Petitioner's Ground for Relief fails to raise a claim cognizable on federal habeas review.

Petitioner argues in his Traverse that his appellate counsel was ineffective for failing to raise the claim as sufficiency of the evidence rather than being against the manifest weight of the evidence. (Doc. # 6 at 2-4).

However, even assuming that Petitioner raised a sufficiency of the evidence (which he clearly did not) it would be without merit. Sufficient evidence supports a conviction if, after viewing the evidence (and the inferences to be drawn therefrom) in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)*; Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006); *Brown*, 441 F.3d at 351; *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 2909 (2006).

"This requires successful challengers to meet a very high threshold, even with

_____

[3] This conclusion is consistent with how Johnson raised this claim – as a state rather than a federal claim – in the Ohio Court of Appeals and the Ohio Supreme Court. *See* Doc. #5, Exhs. 8, 13. The Ohio Court of Appeals, moreover, reviewed this claim under Ohio law. *See* Doc. #5, Exh. 11.

respect to newly-discovered evidence." *Apanovitch*, 466 F.3d at 488 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Obviously, this standard of review does not permit the federal court to make its own subjective determination of guilt or innocence; the standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts.  *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).  An attack on the credibility of witnesses is simply a challenge to the quality of the government's evidence and is not a valid challenge to the constitutional sufficiency of the evidence.  *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *see Jamieson*, 427 F.3d at 402 ("we may not consider the credibility of witnesses or weigh the evidence").

Petitioner asserts:

> And, finally, Johnson asserts that a review of the trial transcripts themselves will support a claim that there was insufficient evidence to convict him. Specifically, upon review of the testimony of both State's witnesses, Poor and Jess, it can be seen that they were given special considerations by the State to implicate Johnson in the robbery. (T.p. 87, 107-112). This information which was given to the police more than ten (10) months after the robbery, and in the wake of new criminal charges against Jess, it is the only thing connecting Johnson to the crime. (T.p. 152-154). And where such testimony was so incredibly suspect, insufficiency of the evidence should be found under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

(Doc. # 6 at 4).

Petitioner is essentially challenging the credibility of two witness who testified that

7

Johnson committed the crime. He believes that their testimony was "incredibly suspect" because they received favorable treatment from the State regarding criminal cases they were involved in. *Jackson v. Virginia*, however, precludes the Court from re-weighing the testimony of witnesses; it must instead view the evidence in the light most favorable to the prosecution. 443 U.S. 318-19; *see Jamieson*, 427 F.3d at 402 ("we may not consider the credibility of witnesses or weigh evidence."). The jury heard all of the evidence, including the fact of the favorable treatment, and found Johnson guilty. This Court has reviewed the trial transcript and after viewing the evidence (and the inferences to be drawn therefrom) in the light most favorable to the prosecution, the court can easily conclude that any rational trier of fact could have credited these two witnesses and found the essential elements of the crime beyond a reasonable doubt.

The conclusions reached herein are not debatable by jurists of reason and do not otherwise present issues adequate to deserve encouragement to proceed further. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Orlando Johnson's Petition for Writ of Habeas Corpus (Doc. #2) be denied and dismissed;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.


March 3, 2011                           _____s/ Sharon L. Ovington_____
                                                Sharon L. Ovington
                                        United States Magistrate Judge

8

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Am,* 474  U.S. 140 (1985); *United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981).